IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN D. BLACK | ) | CASE NO. 5:10CV0367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| STATE OF NEW JERSEY, *et al.* | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

The plaintiff *pro se* John D. Black, a citizen of North Carolina, brings this action against defendants State of New Jersey, Louis Properties, LLC and Homedepore, Inc. under 28 U.S.C. § 1332, diversity of citizenship.[1] He alleges in a rambling narrative that the State of New Jersey, including a State senator and the City of Newark council members, unlawfully took his residence and deeded it to Louis Properties, Inc. There is no mention in the complaint of the other defendant, Homedepore, Inc. Plaintiff also states that he attempted to file this action in United States District Courts located in New Jersey and North Carolina. He demands compensatory damages for economic losses.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of

---

[1]The record contains no addresses for Louis Properties LLC and Homedepore, Inc. Examination of the complaint shows that they must be New Jersey residents.

jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F. Supp.2d 889, 893 (E.D. Mich. 2006) (quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claim asserted in this action ought to be dismissed.

The plaintiff stated in his complaint that he obtained two prior dismissals in attempts to file this action in district courts in New Jersey and North Carolina. Under the doctrine of *res judicata*, a claim is barred if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008); *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002).

The Court notes that *res judicata* is an affirmative defense that must be raised by the defendant. Fed. R. Civ. P. 8(c). *See Haskell v. Wash. Township,* 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*). However, the Supreme Court as well as the Sixth Circuit have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California,* 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee ,* 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891

F.2d 1211, 1212 (6th Cir. 1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, *inter alia,* the promotion of judicial economy"); *see also Curry v. City of Syracuse,* 316 F.3d 324, 331 (2d Cir. 2003); *Agg v. Flanagan,* 855 F.2d 336, 344 (6th Cir.1988) (Contie, J., dissenting) (noting that several courts *sua sponte* have raised the issue of *res judicata* because "in appropriate cases [this practice] 'insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits' ... [and][f]or these reasons, courts raise *res judicata sua sponte* despite the technical pleading requirements of Rule 8(c)").

Special circumstances exist in this case. Judicial economy requires dismissal of this action. None of the parties are residents of Ohio. 28 U.S.C. § 1391 provides that venue would be proper in a judicial district where any defendant resides, where a substantial part of the events or omission occurred, or where a substantial part of property that is the subject of the action is situated or in a district in which any defendant is subject to personal jurisdiction. None of the parties are located in Ohio. The subject property is located in New Jersey as are the alleged events. If allowed to proceed, the defendants would surely file a motion to dismiss. In fact, the Court is puzzled as to why the plaintiff chose to file this action in this district.[2]

The allegations pertain mainly to the State of New Jersey. Although the action was brought under diversity of citizenship, the plaintiff also casually mentions that he was deprived of his constitutional rights. In that regard, the State of New Jersey is not a proper party to suits seeking compensatory damages. The Eleventh Amendment to the United States

---

[2] Improper venue would be another reason for dismissal.

3

Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984). The State of New Jersey has not consented to suit in federal court. *Antonelli v. New Jersey,* 310 F. Supp. 2nd 700, 714 (D.N.J. 2004). The plaintiff's state law claims are also barred by sovereign immunity. *Id*.

The plaintiff alleges that his property was deeded to Louis Properties, LLC. There are no other facts. Without more, the Court concludes that the complaint fails to state a cause of action against this defendant. Again, there is no mention of the other defendant, Homedepore, Inc.

Accordingly, for the reasons discussed above, this action is dismissed pursuant to *Iqbal*, 129 S.Ct. at 1949.

**IT IS SO ORDERED**.

Dated: March 10, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**